Revised 03/06 WDNY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NEW YORK**

UNITED STATES DISTRICT COURT
FILED
JUN 2 7 2025
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

**FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT**

(Non-Prisoner Context)                      **Amended Complaint**     Case No. 6:25-cv-06144-CJS

All material filed in this Court is now available via the **INTERNET**.  See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.**     **Full Name of Plaintiff:  NOTE**: *If more than one plaintiff files this action and seeks in forma pauperis status,* ***each*** *plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

NEGRITO PAUL NOEL

-vs-

**B.**     **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption.*
*The court may not consider a claim against anyone not identified in this section as a defendant.*  Add a separate sheet, if necessary.

1. OFFICER C. PERKINS (and in his personal Capacity)

2. OFFICER SEAN PECK (and in his personal Capacity)

3. SERGEANT BERG (and in his personal Capacity)

## 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT

*All of these sections **MUST** be answered Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A.- Basis of Jurisdiction in Federal Court: This Court has jurisdiction over this matter under 28 U.S.C §1331 and 28 U.S. Code § 1343(a)(3) because Plaintiff and Defendants are involved in an incident arising under the Constitution and laws of the United States – The Plaintiff is seeking a monetary judgment of $6,000,000 from the Defendants.

1

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B.-Reason for Venue in the Western District: Venue is proper in this Court under 28 U.S.C. 1391(a), (b)(1),(e) because Defendants do business in the City of Rochester, Monroe County, New York and are registered for public servitude_____

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is*

C.- Nature of Suit:  440- Other Civil Rights-  Action alleging a civil rights violation other than a violation related to prisons: Action alleging excessive force under Fourth Amendment substantive due process violation by police incident and based on an arbitrary action absent a law enforcement purpose, and 360- Other Personal injury.- Action primarily based on personal injury caused by negligence and Police intentional misconduct.

Also a state claim for assault and battery_____

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION**  NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff:_____ NEGRITO PAUL NOEL_____

Present Address:_____ 286 Child Street, Rochester NY, 14611

**DEFENDANT'S INFORMATION**  NOTE: *To list additional defendants, use this format on another sheet of paper.*

Name of Defendant (1):_____ OFFICER C. PERKINS
Official Position of Defendant (1):___ Rochester Police Department Officer

Address of Defendant (1):  185 Exchange Blvd.,  Rochester, NY 14614

Name of Defendant (2):_____ SERGEANT  BERG
Official Position of Defendant (2):___ Rochester Police Department Sergeant
Address of Defendant (2):  185 Exchange Blvd.,  Rochester, NY 14614

2

Yes____    No_XX___

If Yes, complete the next section.  NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

Plaintiff(s):_

Defendant(s):_

2.    Court (if federal court, name the district; if state court, name the county): _Monroe County_____

3.    Docket or Index Number:_____

4.    Name of Judge to whom case was assigned:_____

5.    The approximate date the action was filed: N/A 6.    What was the disposition of the case?

Is it still pending?  Yes_____  No_____

If not, give the approximate date it was resolved._____Disposition

(check those statements which apply):

__N/A_____ Dismissed (check the statement which indicates why it was dismissed):

__N/A____    By court *sua sponte* as frivolous, malicious or for failing to state a claim
upon which relief can be granted;

__N/A_____By court for failure to prosecute, pay filing fee or otherwise respond
to a court order;

__N/A___By court due to your voluntary withdrawal of claim;

N/A Judgment upon motion or after trial entered for

_____ plaintiff

_____ defendant.

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action.  You **must** include a statement of the facts which you believe support each of your claims.  In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted.  Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and

identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

A. FIRST CLAIM:  On   December 14ᵗʰ, 2024

OFFICER C. PERKINS

did the following to me (*briefly state what each defendant named above did*): FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS VIOLATION

My name is Negrito Paul Noel, and on the night of December 14, 2024, I experienced an assault and battery by Officer Perkins that left me physically injured, emotionally shaken, and gravely concerned about the abuse of power exercised under the color of law and the abuse of power while Perkins was acting in his personal capacity using City property such as his guns, badge and authority. I write this now to give a personal account of what transpired and to explain how these events constituted a Fourth Amendment and substantive due process violation under the Constitution and an assault and battery.

That evening, my adult daughter had been stopped and detained by officers from the Rochester Police Department (RPD), including Officers James Thuerck and Jason Lathrop (not completely sure if he was a police officer as he failed to show me his credentials when asked), at the RPD station located at 261 Campbell Street, Rochester, New York 14611. According to the Certificate of Compliance, other RPD personnel involved included Officers Sailesh Bhattarai, Donald Flood, Jon Jensen, Alexander Pierce, and Angelica Vazquez. I received a phone call from my daughter while she was being detained, and during our conversation, the call was abruptly cut off. Alarmed and concerned for her safety, I rushed to the station.

Upon arriving at the station, I knocked on the front door and called out to make contact with someone inside. While outside, I heard a man inside shouting at my daughter to "be an adult," which led me to believe she was being berated and potentially mistreated. I knew my daughter had not consumed drugs or alcohol in my presence—she had just left me moments before the stop—and even if she had used marijuana, its recreational use is legal in New York. Furthermore, the vehicle, a 2008 Honda Civic, which is not hers, was registered with the DMV solely for personal use. As such, it did not meet the statutory definition of a "motor vehicle" as defined under Title 18 U.S.C. § 31(a)(6) and (a)(10), nor did her use

4

of it fall under New York Consolidated Law, vehicle and traffic law (VTL) regulations for commercial or for-hire vehicle. So her detention was unauthorized as a matter of law.

I knocked again. Jason Lathrop appeared, not in uniform, and refused to allow me to speak with my daughter or finish our prior conversation. He did not present a badge or any law enforcement identification, and told me to 'trust him', further raising my concerns that this was not a legitimate operation. He then closed the door. Seeking assistance from another officer, I continued knocking on the door. My goal was to advocate for my daughter's safety and to put the arresting officers on notice that they were acting contrary to constitutional and statutory law.

What happened next was shocking. Officer Perkins emerged from the building. He approached the door with visible anger, swinging it open aggressively. Without any warning, any request to leave, or explanation of why he had detained my daughter or without a reason to apply force under the circumstances, he stepped out, attacked me, as if starting a street fight and struck me directly in the sternum with great force. I am not sure if he had something in his hand or he used his wrist/palm, but it felt like a blow from a rock, but I cannot rule-out whether he had an object in his hand . The impact was immediate, jarring, and extremely painful. It knocked the wind out of me and caused disorientation, intense pain in my lungs and sternum, and burning sensations that lasted for weeks about four weeks. To this day, I continue to experience a "snapping" in my ribcage when I stretch. He even made my left knee buckle and cause pain.

There was no provocation on my part. I had not touched, threatened, or entered the station. Perkins did not ask me to leave. His assault and battery were purely arbitrary and done with the intent to cause harm to me. There was no law enforcement purpose to his actions—it was a personal, sadistic, and excessive use of force carried out under the guise of state authority.

The RPD's General Order 337 specifically prohibits any use of force that is not necessary, reasonable, and proportional. It also explicitly bans any escalation tactics, including strikes to sensitive areas such as the head, groin, and sternum. The blow Perkins delivered to my sternum clearly constituted deadly force under RPD policy. There was no justification for such force. He had ample time to de-escalate, to speak with me, or to disengage, just as Officer Lathrop had done moments before.

Perkins' actions placed me in a state-created danger. He used the badge, uniform, and power of the City of Rochester to instigate a physical confrontation with me, knowing that I was simply a concerned parent trying to advocate for his daughter. I had power of attorney so I was to make all the decisions for her in that situation. Whether or not he was officially on duty that night, his actions were conducted under color of law and in his personal capacity as there is no law that authorized his use of deadly force.

5

His strike was not only a physical battery but an unconstitutional seizure in many ways. It stopped me from continuing to knock, seek help, or leave, and shocked the conscience of those who witnessed it. After the strike, I asked Perkins why he had assaulted me. He gave no answer. Instead, he pretended to go to his patrol vehicle, evading any responsibility.

No reasonable officer would have struck me in the sternum under those circumstances. He had other options—verbal de-escalation, calling a supervisor, or simply listening to my concerns. The use of deadly force in this context—on a parent concerned for his daughter—was malicious and intentionally harmful. His conduct had a "purpose to harm" which shocked my conscience as he could have killed me with that strike. This is why the RPD prohibited it in their General orders. All member were not to use force that would interrupt breathing and he did.

Further, the failure of Perkins' supervisor to reprimand or discipline him for this assault and battery adds to the constitutional injury and shocks the conscience. The City's failure to correct or even acknowledge the improper use of force speaks to a broader municipal tolerance of misconduct. The City of Rochester should be held liable for its failure to prevent, train and supervise against, or punish such use of force.

This incident caused me significant injury: physical pain, loss of breath, pains in my sternum even to this day when I breath in heavily and I feel and hear a 'snaping' of my ribcage when I breath in heavily and stretch. What Officer Perkins did to me was not de minimis as anyone could then walk up to a police officer and strike them in the sternum and it have no consequence. That a world would it be if an officer any officer could arbitrarily do what Perkins did to me every day if nothing is done about it. It was an assault and battery, outlawed by the RPD and Perkins has decided to not follow it. This was not an unfortunate misunderstanding—it was a calculated act of aggression carried out under the cover of law, and it cannot go unanswered in a society that claims to uphold constitutional rights.

Here, this complaint and claim has proven that it is not frivolous and has stated sufficient facts that are plausible. A jury needs to put themselves in my shoe and imagine how scary it was for me.

The federal basis for this claim is: Excessive force under the Fourteenth Amendment substantive due process violation pursuant to Section 1983.

Perkins' actions was objectively unreasonable, and there was no good faith reason as this actions was malicious and sadistic with a purpose to harm me.

But for the personal involvement of Officer Perkins use of deadly force and excessive force prohibited by the RPD as deadly force that should not be used as it would interfere with a citizens breathing, while he was acting under color of law, no injury would have occurred, and no due process or assault would have occurred. The injuries suffered are the reasonably foreseeable consequences of the Defendant perkins failure to follow statutory law and police policy caused the also caused the shock of the conscience.  The court should accept "all factual allegations in this complaint as true and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman. 568 F .3d 329, 335 (2d Cir. 2009).  Rule 8(a) has been satisfied.  I suffered personal injuries –

(i)      Pain in back. Cause of left knee to buckle, short term pain, applied Tylenol

(ii)     Pain in sternum for weeks, still feeling pain when stretch, ribcage cracking.

(iii)    Loss of breath.

(iv)     Damage to reputation

(v)      Mental Anguish

(vi)     The fear of being targeted by Rochester Police Department again.

The injuries listed allow me to request a remedy and ask the court to give relief for harm done. Since Defendant Perkins was personally involved, a causation exists between the rights violation and the injuries. The Plaintiff is entitled to claim damages under Title 42 U.S.C. §1983 as it is clear that the Fourth Amendment  was violated and Fourteenth Amendment substantive due process violations was abridged

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

1.   Award a judgment and order Defendant Perkins to pay monetary damages. Compensatory damages of $2,000,000.00 each and Punitive damages of $2,000,000.00 each for the violation of the Fourteenth Amendment –Federal claim.

1.    SUMMARY OF RELIEF SOUGHT

A. FIRST CLAIM I: _____

1.   Award a judgment ordering for Defendants Perkins to pay $4,000,000.00 to Plaintiff for compensatory and Punitive damages.

7

2.  Award a judgement of injunctive relief and order the Rochester Police Department to relieve Officer Perkins of his duty.

**B.** SECOND CLAIM II:   On ___December 14ᵗʰ, 2024_____

OFFICER C. PERKINS

did the following to me (*briefly state what each defendant named above did*): ASSAULT AND BATTERY

My name is Negrito Paul Noel, and on the night of December 14, 2024, I experienced an assault and battery by Officer Perkins that left me physically injured, emotionally shaken, and gravely concerned about the abuse of power exercised under the color of law and the abuse of power while Perkins was acting in his personal capacity using City property such as his guns, badge and authority. I write this now to give a personal account of what transpired and to explain how these events constituted a Fourth Amendment and substantive due process violation under the Constitution and an assault and battery.

That evening, my adult daughter had been stopped and detained by officers from the Rochester Police Department (RPD), including Officers James Thuerck and Jason Lathrop (not completely sure if he was a police officer as he failed to show me his credentials when asked), at the RPD station located at 261 Campbell Street, Rochester, New York 14611. According to the Certificate of Compliance, other RPD personnel involved included Officers Sailesh Bhattarai, Donald Flood, Jon Jensen, Alexander Pierce, and Angelica Vazquez. I received a phone call from my daughter while she was being detained, and during our conversation, the call was abruptly cut off. Alarmed and concerned for her safety, I rushed to the station.

Upon arriving at the station, I knocked on the front door and called out to make contact with someone inside. While outside, I heard a man inside shouting at my daughter to "be an adult," which led me to believe she was being berated and potentially mistreated. I knew my daughter had not consumed drugs or alcohol in my presence—she had just left me moments before the stop—and even if she had used marijuana, its recreational use is legal in New York. Furthermore, the vehicle, a 2008 Honda Civic, which is not hers, was registered with the DMV solely for personal use. As such, it did not meet the statutory definition of a "motor vehicle" as defined under Title 18 U.S.C. § 31(a)(6) and (a)(10), nor did her use of it fall under New York Consolidated Law, vehicle and traffic law (VTL) regulations for commercial or for-hire vehicle. So her detention was unauthorized as a matter of law.

I knocked again. Jason Lathrop appeared, not in uniform, and refused to allow me to speak with my daughter or finish our prior conversation. He did not present a badge or any law enforcement identification, and told me to 'trust him', further raising my concerns that this was not a legitimate operation. He then closed the door. Seeking assistance from another officer, I continued knocking on the door. My goal was to advocate for my daughter's safety and to put the arresting officers on notice that they were acting contrary to constitutional and statutory law.

What happened next was shocking. Officer Perkins emerged from the building. He approached the door with visible anger, swinging it open aggressively. Without any warning, any request to leave, or explanation of why he had detained my daughter or without a reason to apply force under the circumstances, he stepped out, attacked me, as if starting a street fight and struck me directly in the sternum with great force. I am not sure if he had something in his hand or he used his wrist/palm, but it felt like a blow from a rock, but I cannot rule-out whether he had an object in his hand . The impact was immediate, jarring, and extremely painful. It knocked the wind out of me and caused disorientation, intense pain in my lungs and sternum, and burning sensations that lasted for weeks about four weeks. To this day, I continue to experience a "snapping" in my ribcage when I stretch. He even made my left knee buckle and cause pain.

There was no provocation on my part. I had not touched, threatened, or entered the station. Perkins did not ask me to leave. His assault and battery were purely arbitrary and done with the intent to cause harm to me. There was no law enforcement purpose to his actions—it was a personal, sadistic, and excessive use of force carried out under the guise of state authority.

The RPD's General Order 337 specifically prohibits any use of force that is not necessary, reasonable, and proportional. It also explicitly bans any escalation tactics, including strikes to sensitive areas such as the head, groin, and sternum. The blow Perkins delivered to my sternum clearly constituted deadly force under RPD policy. There was no justification for such force. He had ample time to de-escalate, to speak with me, or to disengage, just as Officer Lathrop had done moments before.

Perkins' actions placed me in a state-created danger. He used the badge, uniform, and power of the City of Rochester to instigate a physical confrontation with me, knowing that I was simply a concerned parent trying to advocate for his daughter. I had power of attorney so I was to make all the decisions for her in that situation. Whether or not he was officially on duty that night, his actions were conducted under color of law and in his personal capacity as there is no law that authorized his use of deadly force.

9

His strike was not only a physical battery but an unconstitutional seizure in many ways. It stopped me from continuing to knock, seek help, or leave, and shocked the conscience of those who witnessed it. After the strike, I asked Perkins why he had assaulted me. He gave no answer. Instead, he pretended to go to his patrol vehicle, evading any responsibility.

No reasonable officer would have struck me in the sternum under those circumstances. He had other options—verbal de-escalation, calling a supervisor, or simply listening to my concerns. The use of deadly force in this context—on a parent concerned for his daughter—was malicious and intentionally harmful. His conduct had a "purpose to harm" which shocked my conscience as he could have killed me with that strike. This is why the RPD prohibited it in their General orders. All member were not to use force that would interrupt breathing and he did.

Further, the failure of Perkins' supervisor to reprimand or discipline him for this assault and battery adds to the constitutional injury and shocks the conscience. The City's failure to correct or even acknowledge the improper use of force speaks to a broader municipal tolerance of misconduct. The City of Rochester should be held liable for its failure to prevent, train and supervise against, or punish such use of force.

This incident caused me significant injury: physical pain, loss of breath, pains in my sternum even to this day when I breath in heavily and I feel and hear a 'snaping' of my ribcage when I breath in heavily and stretch. What Officer Perkins did to me was not de minimis as anyone could then walk up to a police officer and strike them in the sternum and it have no consequence. That a world would it be if an officer any officer could arbitrarily do what Perkins did to me every day if nothing is done about it. It was an assault and battery, outlawed by the RPD and Perkins has decided to not follow it. This was not an unfortunate misunderstanding—it was a calculated act of aggression carried out under the cover of law, and it cannot go unanswered in a society that claims to uphold constitutional rights.

Here, this complaint and claim has proven that it is not frivolous and has stated sufficient facts that are plausible. A jury needs to put themselves in my shoe and imagine how scary it was for me.

The State basis for this claim is: Excessive force under the Fourth Amendment, article I 12 of the New York State Constitution pursuant to Section 1983.

Perkins' actions was objectively unreasonable, and there was no good faith reason as this actions was malicious and sadistic with a purpose to harm me. Perkins violated General order 337, 575 and 340 and used excessive force with the purpose to harm me. Perkins had the intent to strike me in the sternum, knew it would be harmful to me, there was no consent for him to attack and injure me and he connected hard square in the sternum knowing that it was a dangerous action. There is no excuse for this action. Since a citizen may not walk up to a police officer and strike him in the head,

groin or sternum with intent to harm, a police officer who was ordered not to do intentionally strike anyone in the sternum do so as it may cause death, so is prohibited by order and statutory law from doing so. This action by Perkins was not de minimis as the pain still persist.

But for the personal involvement of Officer Perkins use of deadly force and excessive force prohibited by the RPD as deadly force that should not be used as it would interfere with a citizens breathing, while he was acting under color

of law, no injury would have occurred, and no due process or assault would have occurred. The injuries suffered are the reasonably foreseeable consequences of the Defendant perkins failure to follow statutory law and police policy caused the also caused the shock of the conscience.  The court should accept "all factual allegations in this complaint as true and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman. 568 F .3d 329, 335 (2d Cir. 2009).  Rule 8(a) has been satisfied.  I suffered personal injuries -

   (i)  Pain in back. Cause of left knee to buckle, short term pain, applied Tylenol

   (ii)  Pain in sternum for weeks, still feeling pain when stretch, ribcage cracking.

   (iii)  Loss of breath.

   (iv)  Damage to reputation

   (v)  Mental Anguish

   (vi)  The fear of being targeted by Rochester Police Department again.

The injuries listed allow me to request a remedy and ask the court to give relief for harm done. Since Defendant Perkins was personally involved, a causation exists between the rights violation and the injuries. The Plaintiff is entitled to claim damages under tort and Title 42 U.S.C. §1983 as it is clear that the Fourth Amendment was offended (article I 12 of the NYS Constitution.

State briefly exactly what you want the Court to do for you.  *Make no legal arguments and cite no cases or statutes*:

1. Award a judgment and order Defendant Perkins to pay monetary damages. Compensatory damages of $2,000,000.00 each and Punitive damages of $2,000,000.00 each for the violation of the Fourteenth Amendment –State claim.

2. SUMMARY OF RELIEF SOUGHT

**B.** SECOND CLAIM iI: _____

1. Award a judgment ordering for Defendants Perkins to pay $4,000,000.00 to Plaintiff for compensatory and Punitive damages.

2. Award a judgement of injunctive relief and order the Rochester Police Department to relieve Officer Perkins of his duty.

**C. THIRD CLAIM III:** On __December 14ᵗʰ, 2024_____

OFFICER C. PERKINS

did the following to me (*briefly state what each defendant named above did*): FAILURE TO SUPERVISE

My name is Negrito Paul Noel, and on the night of December 14, 2024, I experienced an assault and battery by Officer Perkins that left me physically injured, emotionally shaken, and gravely concerned about the abuse of power exercised under the color of law and the abuse of power while Perkins was acting in his personal capacity using City property such as his guns, badge and authority. I write this now to give a personal account of what transpired and to explain how these events constituted a Fourth Amendment and substantive due process violation under the Constitution and an assault and battery.

That evening, my adult daughter had been stopped and detained by officers from the Rochester Police Department (RPD), including Officers James Thuerck and Jason Lathrop (not completely sure if he was a police officer as he failed to show me his credentials when asked), at the RPD station located at 261 Campbell Street, Rochester, New York 14611. According to the Certificate of Compliance, other RPD personnel involved included Officers Sailesh Bhattarai, Donald Flood, Jon Jensen, Alexander Pierce, and Angelica Vazquez. I received a phone call from my daughter while she was being detained, and during our conversation, the call was abruptly cut off. Alarmed and concerned for her safety, I rushed to the station.

Upon arriving at the station, I knocked on the front door and called out to make contact with someone inside. While outside, I heard a man inside shouting at my daughter to "be an adult," which led me to believe she was being berated and potentially mistreated. I knew my daughter had not consumed drugs or alcohol in my presence—she had just left me moments before the stop—and even if she had used marijuana, its recreational use is legal in New York. Furthermore, the vehicle, a 2008 Honda Civic, which is not hers, was registered with the DMV solely for personal use. As such, it did not

12

meet the statutory definition of a "motor vehicle" as defined under Title 18 U.S.C. § 31(a)(6) and (a)(10), nor did her use of it fall under New York Consolidated Law, vehicle and traffic law (VTL) regulations for commercial or for-hire vehicle. So her detention was unauthorized as a matter of law.

I knocked again. Jason Lathrop appeared, not in uniform, and refused to allow me to speak with my daughter or finish our prior conversation. He did not present a badge or any law enforcement identification, and told me to 'trust him', further raising my concerns that this was not a legitimate operation. He then closed the door. Seeking assistance from another officer, I continued knocking on the door. My goal was to advocate for my daughter's safety and to put the arresting officers on notice that they were acting contrary to constitutional and statutory law.

What happened next was shocking. Officer Perkins emerged from the building. He approached the door with visible anger, swinging it open aggressively. Without any warning, any request to leave, or explanation of why he had detained my daughter or without a reason to apply force under the circumstances, he stepped out, attacked me, as if starting a street fight and struck me directly in the sternum with great force. I am not sure if he had something in his hand or he used his wrist/palm, but it felt like a blow from a rock, but I cannot rule-out whether he had an object in his hand . The impact was immediate, jarring, and extremely painful. It knocked the wind out of me and caused disorientation, intense pain in my lungs and sternum, and burning sensations that lasted for weeks about four weeks. To this day, I continue to experience a "snapping" in my ribcage when I stretch. He even made my left knee buckle and cause pain.

There was no provocation on my part. I had not touched, threatened, or entered the station. Perkins did not ask me to leave. His assault and battery were purely arbitrary and done with the intent to cause harm to me. There was no law enforcement purpose to his actions—it was a personal, sadistic, and excessive use of force carried out under the guise of state authority.

The RPD's General Order 337 specifically prohibits any use of force that is not necessary, reasonable, and proportional. It also explicitly bans any escalation tactics, including strikes to sensitive areas such as the head, groin, and sternum. The blow Perkins delivered to my sternum clearly constituted deadly force under RPD policy. There was no justification for such force. He had ample time to de-escalate, to speak with me, or to disengage, just as Officer Lathrop had done moments before.

Perkins' actions placed me in a state-created danger. He used the badge, uniform, and power of the City of Rochester to instigate a physical confrontation with me, knowing that I was simply a concerned parent trying to advocate for his daughter. I had power of attorney so I was to make all the decisions for her in that situation. Whether or not he was

13

officially on duty that night, his actions were conducted under color of law and in his personal capacity as there is no law that authorized his use of deadly force.

His strike was not only a physical battery but an unconstitutional seizure in many ways. It stopped me from continuing to knock, seek help, or leave, and shocked the conscience of those who witnessed it. After the strike, I asked Perkins why he had assaulted me. He gave no answer. Instead, he pretended to go to his patrol vehicle, evading any responsibility.

No reasonable officer would have struck me in the sternum under those circumstances. He had other options—verbal de-escalation, calling a supervisor, or simply listening to my concerns. The use of deadly force in this context—on a parent concerned for his daughter—was malicious and intentionally harmful. His conduct had a "purpose to harm" which shocked my conscience as he could have killed me with that strike. This is why the RPD prohibited it in their General orders. All member were not to use force that would interrupt breathing and he did.

Further, the failure of Perkins' supervisor to reprimand or discipline him for this assault and battery adds to the constitutional injury and shocks the conscience. The City's failure to correct or even acknowledge the improper use of force speaks to a broader municipal tolerance of misconduct. The City of Rochester should be held liable for its failure to prevent, train and supervise against, or punish such use of force. Sergeant Berg even made up a story to suggest it was my fault as I entered the building and 'pushed past' officer Perkins which was not true.

This incident caused me significant injury: physical pain, loss of breath, pains in my sternum even to this day when I breath in heavily and I feel and hear a 'snaping' of my ribcage when I breath in heavily and stretch. What Officer Perkins did to me was not de minimis as anyone could then walk up to a police officer and strike them in the sternum and it have no consequence. That a world would it be if an officer any officer could arbitrarily do what Perkins did to me every day if nothing is done about it. It was an assault and battery, outlawed by the RPD and Perkins has decided to not follow it. This was not an unfortunate misunderstanding—it was a calculated act of aggression carried out under the cover of law, and it cannot go unanswered in a society that claims to uphold constitutional rights.

Here, this complaint and claim has proven that it is not frivolous and has stated sufficient facts that are plausible. A jury needs to put themselves in my shoe and imagine how scary it was for me.

The federal basis for this claim is: Excessive force under the Fourteenth Amendment substantive due process violation pursuant to Section 1983.

14

Sergeant Berg's actions was objectively unreasonable, and should have supervised officer Perkins and failed to do so. He demonstrated deliberate indifference to the rights of the population.

But for the personal involvement of Officer Perkins use of deadly force and excessive force prohibited by the RPD as deadly force that should not be used as it would interfere with a citizens breathing, while he was acting under color

of law, no injury would have occurred, and no due process or assault would have occurred. The injuries suffered are the reasonably foreseeable consequences of the Defendant Berg failure to follow statutory law and police policy and supervise Perkins caused the shock of the conscience. The court should accept "all factual allegations in this complaint as true and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman. 568 F .3d 329, 335 (2d Cir. 2009). Rule 8(a) has been satisfied. I suffered personal injuries and defendant Berg did nothing when general order 337 was violated that could have caused deadly consequences-

   (i)     Pain in back. Cause of left knee to buckle, short term pain, applied Tylenol

   (ii)    Pain in sternum for weeks, still feeling pain when stretch, ribcage cracking.

   (iii)   Loss of breath.

   (iv)    Damage to reputation

   (v)     Mental Anguish

   (vi)    The fear of being targeted by Rochester Police Department again.

The injuries listed allow me to request a remedy and ask the court to give relief for harm done. Since Defendant Berg was personally involved, as I had the conversation with him and he did nothing, caused a causation exists between the rights violation and the injuries. The Plaintiff is entitled to claim damages under Title 42 U.S.C. §1983 as it is clear that the Fourteenth Amendment substantive due process violations was abridged

State briefly exactly what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

1. Award a judgment and order Defendant Berg to pay monetary damages. Compensatory damages of $2,000,000.00 each and Punitive damages of $2,000,000.00 each for the violation of the Fourteenth Amendment –Federal claim.

3. SUMMARY OF RELIEF SOUGHT

15

**C.** THIRD CLAIM III: _____

a. Award a judgment ordering for Defendants Berg to pay $4,000,000.00 to Plaintiff for compensatory and Punitive damages.

b. Award a judgement of injunctive relief and order the Rochester Police Department to relieve Officer Berg by reprimanded for not reporting the incident and supervising Perkins

Do you want a **jury trial**? Yes__XX___ No_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _____

June 26, 2025

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Signature of Plaintiff

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*Negrito Paul Noel*

**DEFENDANTS**
*Roch Police Department officer perkins & BERG*

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ❏ 110 Insurance
- ❏ 120 Marine
- ❏ 130 Miller Act
- ❏ 140 Negotiable Instrument
- ❏ 150 Recovery of Overpayment & Enforcement of Judgment
- ❏ 151 Medicare Act
- ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ❏ 153 Recovery of Overpayment of Veteran's Benefits
- ❏ 160 Stockholders' Suits
- ❏ 190 Other Contract
- ❏ 195 Contract Product Liability
- ❏ 196 Franchise

### REAL PROPERTY
- ❏ 210 Land Condemnation
- ❏ 220 Foreclosure
- ❏ 230 Rent Lease & Ejectment
- ❏ 240 Torts to Land
- ❏ 245 Tort Product Liability
- ❏ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ❏ 310 Airplane
- ❏ 315 Airplane Product Liability
- ❏ 320 Assault, Libel & Slander
- ❏ 330 Federal Employers' Liability
- ❏ 340 Marine
- ❏ 345 Marine Product Liability
- ❏ 350 Motor Vehicle
- ❏ 355 Motor Vehicle Product Liability
- ❏ 360 Other Personal Injury
- ❏ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ❏ 365 Personal Injury - Product Liability
- ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ❏ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ❏ 370 Other Fraud
- ❏ 371 Truth in Lending
- ❏ 380 Other Personal Property Damage
- ❏ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ❏ 440 Other Civil Rights
- ❏ 441 Voting
- ❏ 442 Employment
- ❏ 443 Housing/ Accommodations
- ❏ 445 Amer. w/Disabilities - Employment
- ❏ 446 Amer. w/Disabilities - Other
- ❏ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ❏ 463 Alien Detainee
- ❏ 510 Motions to Vacate Sentence
- ☒ 530 General
- ❏ 535 Death Penalty

**Other:**
- ❏ 540 Mandamus & Other
- ❏ 550 Civil Rights
- ❏ 555 Prison Condition
- ❏ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ❏ 625 Drug Related Seizure of Property 21 USC 881
- ❏ 690 Other

### LABOR
- ❏ 710 Fair Labor Standards Act
- ❏ 720 Labor/Management Relations
- ❏ 740 Railway Labor Act
- ❏ 751 Family and Medical Leave Act
- ❏ 790 Other Labor Litigation
- ❏ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ❏ 462 Naturalization Application
- ❏ 465 Other Immigration Actions

### BANKRUPTCY
- ❏ 422 Appeal 28 USC 158
- ❏ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ❏ 820 Copyrights
- ❏ 830 Patent
- ❏ 835 Patent - Abbreviated New Drug Application
- ❏ 840 Trademark

### SOCIAL SECURITY
- ❏ 861 HIA (1395ff)
- ❏ 862 Black Lung (923)
- ❏ 863 DIWC/DIWW (405(g))
- ❏ 864 SSID Title XVI
- ❏ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ❏ 870 Taxes (U.S. Plaintiff or Defendant)
- ❏ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ❏ 375 False Claims Act
- ❏ 376 Qui Tam (31 USC 3729(a))
- ❏ 400 State Reapportionment
- ❏ 410 Antitrust
- ❏ 430 Banks and Banking
- ❏ 450 Commerce
- ❏ 460 Deportation
- ❏ 470 Racketeer Influenced and Corrupt Organizations
- ❏ 480 Consumer Credit
- ❏ 485 Telephone Consumer Protection Act
- ❏ 490 Cable/Sat TV
- ❏ 850 Securities/Commodities/ Exchange
- ❏ 890 Other Statutory Actions
- ❏ 891 Agricultural Acts
- ❏ 893 Environmental Matters
- ❏ 895 Freedom of Information Act
- ❏ 896 Arbitration
- ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ❏ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
*Section 1983, Tort*

Brief description of cause:
*Assault & Battery, 14th Amendment Due proces*

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *$12,000,000*

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE ____✗____   DOCKET NUMBER ____✗____

DATE *3/14/25*

SIGNATURE OF ATTORNEY OF RECORD *Napxlu*

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____