UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NEGRITO PAUL NOEL,

Plaintiff,

v.

DECISION and ORDER
25-CV-6144-CJS

OFFICER C. PERKINS (and in his personal
Capacity), OFFICER SEAN PECK (and in his
personal capacity), SERGEANT BERG
(and in his personal capacity),[1]

Defendants.

_____

*Pro se* Plaintiff Negrito Paul Noel[2] filed this action seeking relief under 42

U.S.C. § 1983 alleging that he was pushed at a police station by Defendant Officer

C. Perkins while he was inquiring about his daughter who had been taken to the

station after being arrested. ECF No. 1. The Court construed the complaint as

alleging a Fourth Amendment use of excessive force claim and a Fourteenth

_____

[1] The Clerk of Court shall amend the caption of this action as set forth herein.

[2] Noel has filed several actions in this Court under various names: Negrito Paul
Noel, Paul Noel, and Paul A.E. Noel. *See Negrito v. Warren*, 19-CV-6271-CJS
("Paul Noel formerly known as Paul A.E. Noel"); *Noel v. Chisholm*, 21-CV-6498-
CJS ("Negrito Paul Noel also known as Paul Noel Negrito also known as Paul A.E.
Noel"). Noel has filed several cases in this Court. Between 2019 and today, he
has filed at least 13 cases, the vast majority of them based on a baseless legal
theory that the vehicles he was stopped in were "personal-use vehicles" that were
not for hire or used for commercial purposes," and he thus was not subject to
various provisions of New York State Vehicle and Traffic Law related to insurance
and registration requirements. *See, e.g., Noel v. Laibach*, 21-CV-6603; *Noel v.
Chisholm*, 21-CV-6498-CJS; *Noel v. Clauston*, 21-CV-6559-CJS. He also has
alleged that he is not a "person" under the relevant statutes and thus the vehicle
and traffic laws under which he was stopped and issued tickets do not apply to
him.

Amendment substantive due process claim.  ECF No. 6 ("the screening order").[3]

Plaintiff also asserted a state law claim of assault and battery and a violation of the New York State Constitution. ECF No. 1 at 2-3; ECF No. 6 at 2.

The Court granted Plaintiff permission to proceed *in forma pauperis* ("IFP") and screened the Complaint under 28 U.S.C. § 1915(e)(2)(B).  ECF No. 6.  The Court (1) dismissed Plaintiff's Fourth Amendment claim with prejudice, (2) granted Plaintiff leave to amend the substantive due process claim, (3) declined to exercise supplemental jurisdiction over the state law assault and battery claim with leave to re-assert it in an amended complaint, and (4) dismissed the New York State Constitution claim. *Id.* at 4-11.  Plaintiff filed an Amended Complaint.  ECF No. 7.

The Court now screens Plaintiff's Amended Complaint using the 28 U.S.C. § 1915(e)(2)(B) criteria.  For the reasons that follow, Plaintiff's Fourteenth Amendment excessive force and state common law assault and battery claims may proceed to service against Officer Perkins only, and all other claims are dismissed.

## DISCUSSION

### I.      Legal Standards

#### A.      Review Under the IFP Statutes

A court shall dismiss a complaint filed by an individual proceeding IFP if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (ii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Section 1915

---

[3] Plaintiff's familiarity with the initial screening order is presumed.

2

"provide[s] an efficient means by which a court can screen and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 646, 639 (2007).

**B. Pleading Standards**

In evaluating a complaint, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must contain sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570));

3

*Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## C. Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not

4

enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

## II.  Allegations[4]

Plaintiff again sues Officer Perkins alleging that Officer Perkins struck him "directly in the sternum with great force" as he was knocking on the police station door inquiring about his daughter who had been taken to the police station following a traffic stop and subsequent arrest.[5]  ECF No. 5 at 4-5, 9, and 13.[6]

---

[4] In light of the procedural posture of this case, initial review pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A(b), the recitation of facts is drawn exclusively from Plaintiff's Amended Complaint, the contents of which must be accepted as true for purposes of this review. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)).

[5] Plaintiff again asserts his oft repeated and rejected claims, *see supra* at 1, that a personal use vehicle, not for hire, does not meet the statutory definition of a "motor vehicle" and thus does not fall under New York State Vehicle and Traffic Law's insurance and registration (and other) requirements. ECF No. 7 at 4-5. Because Plaintiff has raised this baseless claim repeatedly in several actions filed in this Court between 2019 and 2025, he is cautioned that he will be sanctioned for any reassertion of these claims in any future actions filed in this Court. These sanctions may include, but are not limited to, an injunction preventing him from filing any actions in the future without first seeking and obtaining Court permission and monetary fines.

[6] Plaintiff repeats the same allegations for each of the three claims asserted in the Amended Complaint (use of excessive force in violation of due process, ECF No. 7 at 4-7, assault and battery, *id.* at 8-11, and failure to supervise, *id.* at 12-15).

Plaintiff's daughter had contacted him following the stop. *Id.* Plaintiff alleges that the push or strike felt "like a blow from a rock, but I cannot rule-out whether [Officer Perkins] had an object in his hand." *Id.* at 5. "The impact was immediate, jarring, and extremely painful. It knocked the wind out of me and caused disorientation, intense pain in my lungs and sternum, and burning sensations that lasted for . . . about four weeks." *Id.* His left knee buckled. *Id.* He continues to suffer "snapping" in his ribcage when he stretches. *Id.*

## III. Analysis

### A. Substantive due process

As addressed previously in the screening order, "[w]here the claim arises outside the context of an arrest or a seizure by law enforcement officials, allegations of excessive force are analyzed under the Due Process Clause of the Fourteenth Amendment." *Piper v. City of Elmira*, 12 F. Supp. 3d 577, 587 (W.D.N.Y. 2014) (citing *Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998) (outside the context of an arrest, a plaintiff may make claims of excessive force under section 1983 under the Due Process Clause of the Fourteenth Amendment); ECF No. 6 at 6 (collecting cases).

The Due Process Clause of the Fourteenth Amendment protects citizens from "unjustified intrusions on personal security." *Matican v. City of New York*, 524 F. 3d 15, 155 (2d Cir. 2008) (quoting *Ingraham v. Wright*, 430 U.S. 651, 673 (1977)). To prevail on an excessive force claim under the Due Process Clause, a plaintiff must establish that the defendant engaged in conduct that "shocks the

6

conscience." *Hemphill*, 141 F.3d at 419 (citation modified); *see also Schy v. State of Vermont*, 2 F. App'x 101, 102 (2d Cir. 2001) (summary order) (stating that a plaintiff must show "that the amount of force used was such as to offend even hardened sensibilities or brutal and offensive to human dignity." (citation modified).

The Second Circuit has held that:

> In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

At this stage in the litigation and mindful of the Second Circuit's directive to construe *pro se* complaints liberally, the Court finds that the excessive force and state law assault and battery claims may proceed to service against Officer Perkins only.[78] Plaintiff alleges that while knocking on the station door and inquiring about the status of his daughter, he was struck by Officer Perkins with a degree of force

---

[7] As Plaintiff's claims for assault and battery arise from the same facts underlying his excessive force claim, the Court will exercise supplemental jurisdiction over the assault and battery claim and permit it to proceed to service against Office Perkins. *See* 28 U.S.C. § 1367(a); *see also EIG Energy Fund XIV, L.P. v. Keppel Offshore & Marine Ltd.*, No. 18 Civ. 1047(PGG), 2020 WL 3488037, at *4 (S.D.N.Y. June 26, 2020) (noting that state law claims arising out of the same facts as federal claims form part of the same case or controversy).

"[E]xcept for § 1983's requirement that the tort be committed under color of state law, the essential elements of [excessive force and state law assault and battery claims are] substantially identical." *Humphrey v. Landers*, 344 F. App'x 686, 688 (2d Cir. 2009) (quoting *Posr v. Doherty*, 944 F.2d 91, 94–95 (2d Cir. 1991)).

[8] In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

that knocked the wind out of him, made his knees buckle, and caused intense pain. The Court, on screening under 28 U.S.C. § 1915(e)(2)(B), *see supra* at n.4, simply cannot determine the degree of force used by Officer Perkins and the justification of that force. *See Harrell v. County of Nassau,* 2013 WL 5439137, at 10 (E.D.N.Y. Sept. 27, 2013) ("Courts in this district are hesitant to dismiss complaints alleging excessive force even at the summary judgment stage if conflicts exist in the record regarding the degree and justification of force." (quoting *Jeanty v. County of Orange,* 379 F. Supp. 533, 541 (S.D.N.Y. 2005)).

**B. Failure to supervise**

Plaintiff asserts a new claim alleging that the City of Rochester "should be held liable for its failure to prevent, train[,] and supervise against, or punish [Officer Perkins's] use of force." ECF No. 7 at 14. In the same paragraph the foregoing allegation is made, Plaintiff also alleges that Defendant Sergeant Berg—the first and only time the Court can see that he is mentioned in the body of the Amended Complaint—"even made up a story to suggest it was my fault as I entered the building and 'pushed past' [O]fficer Perkins which was not true." *Id.* This claim, whether construed as a claim against the City of Rochester, which is not a defendant, or Berg, in either his individual or official capacity, ECF No. 7 at 1 (indicating that Plaintiff *may* be suing Defendants in both capacities) must be dismissed because it is a new claim exceeding the scope of the leave Plaintiff was granted to amend the Complaint and because it fails to state a claim under *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 694 (1978).

First, the initial Complaint was brought against Officer Perkins only and Plaintiff was granted leave to amend only "to assert a claim . . . that Perkins's push was so egregious that is shocks the conscience." ECF No. 6 at 9; *see also id.* at 10 (advising Plaintiff that if he files an amended complaint it must include "all of the necessary allegations related to the Fourteenth Amendment substantive due process and assault and battery claims only"). Plaintiff was not granted leave to assert either a *Monell* claim against the City of Rochester or Sergeant Berg, in his individual or official capacity.[9][10] Because the Court did not grant Plaintiff leave to plead claims beyond the scope of the due process and assault and battery claim (if he could state a plausible due process claim) raised in the Complaint, the Court will not consider the new or additional claims raised in the Amended Complaint outside the scope of the claims originally asserted in the Complaint. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases) (Summary Order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Bravo v. Established Burger One, LLC*, No. 12 Civ. 9044 (CM), 2013 WL 5549495, at *5 (E.D.N.Y. Oct. 8, 2013) (A district court

---

[9] *See Beckwith v. Erie Cnty. Water Auth.*, 413 F. Supp. 2d 214, 224-25 (W.D.N.Y. 2005) ("A claim against a government official in his official capacity is merely another way of asserting a claim against the governmental entity that employs the official.").

[10] Because there are no allegations against either Sergeant Berg or Officer Peck that they were personally involved in Perkins alleged use of excessive force, any claims against them in their individual capacity are dismissed. *See Tangreti*, 983 F.3d at 618.

has the inherent authority to dismiss claims that exceed a leave to amend in violation of a court's order.).

Second, even if the Court were to consider the *Monell* it must be dismissed because if fails to state a claim upon which relief can be granted. A municipality— like the City of Rochester herein—cannot be held liable under section 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell*, 436 U.S. at 694. To state such a claim, a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). Where municipal liability is premised on a failure to train or supervise, the Supreme Court has held that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris,* 489 U.S. 378, 388 (1992).

Plaintiff clearly fails to state a failure to train claim against the City of Rochester or Sergeant Berg in his official capacity. *See Walker v. City of N.Y.,* 974 F.2d 293, 297 (2d Cir. 1992) (noting municipal liability based on failure to train or supervise requires a showing that the failure to train or supervise amounts to deliberate indifference); *see also Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim].").

Accordingly, Plaintiff's failure to supervise claim under *Monell* is dismissed.

10

## CONCLUSION

For the reasons set forth above, Plaintiff's Fourteenth Amendment excessive force and state law assault and battery claims may proceed to service against Officer Perkins only. The claims against Sergeant Berg and Officer Peck, in both their individual and official capacity are dismissed, because Plaintiff fails to allege that either Berg or Peck were personally involved in the alleged use of excessive force and because Plaintiff fails to allege that Officer Perkins's alleged use of excessive force occurred pursuant to a policy or custom of the City of Rochester.

The Clerk of Court shall terminate Defendants Officer Peck and Sergeant Berg as parties to this action.

The Clerk of the Court shall cause the United States Marshals Service to serve copies of the summons, the amended complaint, and this order upon defendant Officer Perkins, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

SO ORDERED.

Dated:     _DEC 9_ , 2025
           Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge